IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUSTIN C. LILLY,

      **Plaintiff,**

  v.

      Case No. 2:21-cv-5591
      JUDGE EDMUND A. SARGUS, JR.
      Magistrate Judge Chelsey M. Vascura

**ATLANTIC RECORDS,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Atlantic Recording Corporation's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2). (ECF No. 4.) For the following reasons, Defendant's motion is **GRANTED**.

### I. BACKGROUND

This case arises from Defendant Atlantic Recording Corporation's (hereinafter, "Atlantic") alleged contract with Plaintiff Justin Lilly, a musician. According to the Complaint, Mr. Lilly communicated via email for several months with Sean Browne, an employee of Interscope Records and Major Label Connect. (Compl. ¶ 1, ECF No. 1-1.) Mr. Browne offered Mr. Lilly "listening sessions" for his music and admission to a five-day artist development camp called Greenwald Academy. (Session Results, ECF No. 1-1 Ex. C.) After one of the listening sessions, Browne told Lilly that he was "guaranteed a spot" at Greenwald Academy and that he did not "have to pay for anything during this experience." (*Id.*) Browne also stated that Lilly would "be offered a deal to sign a label in Quarter 4 of this year." (*Id.*)

In preparation for Greenwald Academy, Mr. Browne emailed Mr. Lilly an admission form on July 8, 2021, that listed travel and session information for Greenwald Academy. (Admission

1

Form, ECF No. 1-1 Ex. A.) The top of the Admission Form reads, "Greenwald Artist Development Academy 2021. Sponsored by Atlantic Records." (*Id.*) Mr. Lilly signed and returned the Admission Form to Browne. (Signed Admission Form, ECF No. 1-1 Ex. B.) In October 2021, after Lilly did not receive flight information for Greenwald Academy, he attempted to contact Browne but was unsuccessful. (Compl. ¶ 4.) Browne blocked Lilly on social media and did not send him to Greenwald Academy. (*Id.*)

On November 1, 2021, Plaintiff filed an action in Delaware County Common Pleas Court alleging breach of contract and defamation claims against Atlantic. (*See generally* Compl.) Plaintiff contends that the Admissions Form is a contract and Atlantic breached its promise to send him to Greenwald Academy and sign him with a label. (*Id.* ¶ 5.) He claims that Atlantic damaged his reputation because attending the Academy and signing with a label would have benefited his musical career. (*Id.* ¶ 6.) Defendant Atlantic removed the case to federal court on December 3, 2021. (Notice of Removal at 4.) On December 10, 2021, Defendant filed the instant motion to dismiss. (Def.'s Mot., ECF No. 4.) Despite this Court's Order directing Plaintiff to file a response, (*See* Order, ECF No. 7), he did not file one. The motion is ripe for review.

## II.  STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining this, a court must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin., Corp.*, 281 F.3d 613, 619 (6th Cir. 2007). Furthermore, "[a]lthough

for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it][is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677–79 (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted).

### III.     ANALYSIS

Defendant argues for dismissal on two grounds: (1) Plaintiff fails to state a claim against Atlantic for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and (2) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Rule 12(b)(2) provides for dismissal of an action where the district court lacks personal jurisdiction over the defendant. District courts have discretion to decide questions of personal jurisdiction using the pleadings, permitting discovery in aid of deciding the motion, or conducting an evidentiary hearing to resolve factual questions. *Res. Inst. at Nationwide Children's Hosp. v. Trellis Bioscience, LLC*, No. 2:15-cv-3032, 2016 WL 5791194, at *3 (S.D. Ohio Sept. 30, 2016). Plaintiffs bear the burden of establishing personal jurisdiction. *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988). When personal jurisdiction is decided "solely on written submissions, the plaintiff's burden is 'relatively slight.'" *Res. Inst.*, 2016 WL 5791194 at *3 (citing *id.*). The plaintiff must, "by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Mr. Lilly is a citizen of Ohio and resides in Delaware County, Ohio. Atlantic is a Delaware corporation with its principal place of business in New York. (Notice of Removal ¶ 4, ECF No. 1.) In a diversity case such as this, "[t]o determine whether personal jurisdiction exists over a defendant, Federal Courts apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment." *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996); *see also Theunissen*, 935 F.2d at 1459 ("A federal district court sitting in diversity must

apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a non-resident defendant.").

There are two categories of personal jurisdiction: general personal jurisdiction and specific personal jurisdiction. *See First Franchise Capital Corp. v. Jack in the Box Inc.*, No. 1:17-cv-397, 2017 WL 3269260, at *16 (S.D. Ohio Aug. 1, 2017) (citing *Daimler AG v. Bauman, U.S.*, 571 U.S. 117, 118 (2014)). "Ohio law does not recognize general jurisdiction over a non-resident defendant." *JM-Nipponkoa Ins. Co. v. Dove Transp. LLC*, No. 1:14-cv-202, 2015 WL 145041, at *3 (S.D. Ohio Jan. 12, 2015). Thus, Defendant must be amenable to suit under the requirements of the Due Process Clause and through specific jurisdiction under Ohio's long-arm statute. *See id.*

To satisfy Due Process Clause requirements, the nonresident defendant must have "sufficient contacts with the forum state such that the district court's exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *CompuServe Inc.*, 89 F.3d at 1263 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Courts evaluate three criteria to make this determination:

> (1) [T]he defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;
>
> (2) [T]he cause of action must arise from the defendant's activities there; and
>
> (3) [T]he acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 226 (6th Cir. 1972). The overall purpose of these criteria is to protect nonresident defendants against the burdens of litigating in a distant and inconvenient forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

4

The Complaint states that the Admission Form as well as Plaintiff's emails with Mr. Browne establish that Atlantic "operates regularly in the state of Ohio." Atlantic responds that the Court does not have specific jurisdiction over it because Mr. Browne is an employee of Major Label Connect, a third party, and does not have authority to act on behalf of Atlantic. Atlantic is simply a sponsor of Greenwald Academy. (Def.'s Mot. at 16.)

Accepting the Complaint's allegations as true and reading them in a light most favorable to Plaintiff, it cannot be said that Atlantic has "purposefully availed" itself of the privilege of acting in Ohio or that it has a "substantial enough connection" to Ohio to make this forum reasonable. The existence of contract between a resident plaintiff and nonresident defendant does not necessarily satisfy purposeful availment. *Burger King v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("an individual's contract with an out-of-state party alone" cannot "automatically establish minimum contacts."). In determining whether the existence of a contract is sufficient to constitute purposeful availment, courts ask whether the subject matter or performance of the contract at issue is connected to the forum state. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000). Here, the answer is no. The Admissions Form is a written agreement to send Plaintiff to a five-day all-expenses-paid camp at Greenwald Academy in Miami, Florida. (*See* Admissions Form.) Thus, the subject matter and performance of the Admission Form occurs solely in Florida, not Ohio.

Additionally, a contract is insufficient to constitute purposeful availment if the defendant, through the contract, was not attempting to exploit the state's market, but rather had contact with the state only because the plaintiff chose to reside there. *Id.* at 722–23 (citing *Kerry Steel v. Paragon Indus.*, 106 F.3d 147, 151 (6th Cir. 1997)). In this case, Atlantic did not seek to conduct business in Ohio or exploit Ohio's market, Ohio is simply the place where Plaintiff chose to reside. Plaintiff did not exchange any consideration to attend Greenwald Academy. Even if he did, the

5

fact that Defendant allegedly entered into a single contract with an Ohio resident does not bind it to defend litigation in Ohio. *See id.* (citing *Burger King*, 471 U.S. at 475) (a "one-shot transaction" contract, rather than "an ongoing obligation" is precisely the sort of "random, fortuitous, and attenuated" contacts with a state that *Burger King* Court rejected). Atlantic is a Delaware corporation with its principal place of business in New York. Atlantic has no employees or offices in Ohio, and there has been no showing that Atlantic employees have ever been in Ohio for the purpose of conducting business there. To require Atlantic to defend itself in Ohio even though it did not receive the privilege of acting in Ohio markets would not comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316.

In summary, the Complaint is devoid of language showing that Atlantic purposely availed itself of the privilege of acting in Ohio. Mr. Browne's act of inviting an Ohio resident to Florida, allegedly on behalf of Atlantic, does not establish a substantial enough connection with Ohio to make the exercise of jurisdiction over Atlantic reasonable. Plaintiff has not met his burden of showing that the Due Process Clause requirements are met and personal jurisdiction exists over Atlantic. This case is dismissed.

### III. CONCLUSION

Defendant Atlantic's Motion to Dismiss (ECF No. 4) is **GRANTED** pursuant to Rule 12(b)(2) for lack of personal jurisdiction. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**6/27/2022**                                           **s/Edmund A. Sargus, Jr.**
**DATE**                                                     **EDMUND A. SARGUS, JR.**
                                                                     **UNITED STATES DISTRICT JUDGE**